United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for BANKUNITED, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> FARAH GULPARAST, ET AL., <br><br> Defendants. | Case No.: 5:12-CV-02528-EJD <br><br> **ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE** <br><br> **[Re: Docket Nos. 8, 14, 16]** |

Plaintiff, Federal Deposit Insurance Corporation ("FDIC") (hereinafter "Plaintiff"), as the appointed receiver for BankUnited, F.S.B., brings this action asserting negligence and other common law claims against Defendants Farah Gulparast ("Gulparast"), d/b/a/ U.S. Appraisal Services, Cindy Swanson ("Swanson"), d/b/a/ Aldrich Appraisals, and Does 1-10 (collectively, "Defendants"). Plaintiff bases its claims on two appraisals conducted by Swanson and Gulparast for American Prime Funding. Plaintiff alleges that the Defendants negligently inflated the value of the residential properties in their appraisal reports, that BankUnited relied upon these appraisals to purchase the loans, and that the misrepresentations, failures, and deficiencies in the appraisals caused Plaintiff damage.

1

Case No.: 5:12-CV-02528-EJD
ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

1          Presently before the court is Defendant Swanson's Motion to Dismiss pursuant to Federal

2     Rule of Civil Procedure 12(b)(6), Plaintiff's Request for Judicial Notice, and Defendant Swanson's

3     Request for Judicial Notice.  Pursuant to Civil Local Rule 7–1(b), the Court finds this matter

4     appropriate for determination without oral argument and hereby VACATES the hearing set for

5     October 12, 2012.   Having considered the parties' submissions and the relevant law, the Court

6     GRANTS in part and DENIES in part Plaintiff's Request for Judicial Notice, GRANTS

7     Defendant's Request for Judicial Notice, and DENIES Defendant's Motion to Dismiss.

8     **I.      Background**

9          The following facts have been taken from Plaintiff's complaint, and are taken as true for

10    purposes of this motion.

11         On February 20, 2006, Defendants contracted with American Prime Funding to prepare a

12    written Uniform Residential Appraisal Report for real property located at 1729 Christina Avenue,

13    Stockton, California 95204.  Compl. ¶ 10, Dkt. No. 1.  Several weeks later, on March 29, 2006,

14    Defendants prepared an appraisal report, appraising the property for $410,000 as of February 9,

15    2006.  Compl. ¶ 10.  Gulparast served as a trainee appraiser on this appraisal, and the document

16    bore Swanson's signature as Supervisory Appraiser.  Compl. ¶ 11.  BankUnited relied on this

17    appraisal to fund a mortgage loan for $369,000 as part of a cash-out refinance of the property.

18    Compl. ¶ 17.  Plaintiff subsequently discovered that the appraisal had been negligently prepared

19    and contained material misrepresentations.  Compl. ¶ 15.  The true market value, according to

20    Plaintiff, actually was less than $369,000 at the time BankUnited funded the loan.  Compl. ¶ 18.

21         Around the same time, in February 2006, Defendants again contracted with American

22    Prime Funding to prepare a Uniform Residential Appraisal Report for real property, this time

23    located at 1060 North Mitchell Avenue in Turlock, California. Compl. ¶ 20.  Defendants' appraisal

24    valued this property at $460,000 as of December 2006.  Compl. ¶ 21.  Gulparast again served as a

25    trainee appraiser and prepared the appraisal, but the appraisal still bore Swanson's signature as the

26    Supervisory Appraiser.  Compl. ¶¶ 21-22.  On April 18, 2006, BankUnited funded a mortgage

27

28

2

Case No.: 5:12-CV-02528-EJD
ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    refinance loan in the amount of $414,000 secured by the property in reliance on the appraisal.

2    Compl. ¶ 27.  However, the market value at the time BankUnited funded the loan was "far less than

3    $460,000."  Compl. ¶ 28.   Plaintiff has ascertained information suggesting that the appraisal on

4    this property was negligently prepared and contained material misrepresentations.  Compl. ¶ 26.

5           On both appraisals, Swanson, through her signature as the Supervisory Appraiser, made the

6    following representations:

7           1.   I directly supervised the appraiser for this appraisal assignment, have read the appraisal

8                report, and agree with the appraiser's analysis, opinions, statements, conclusions, and

9                the appraiser's certification.

10          2.   I accept full responsibility for the contents of this appraisal report including, but not

11               limited to, the appraiser's analysis, opinions, statements, conclusions, and the

12               appraiser's certification.

13          3.   This appraisal report complies with the Uniform Standards of Professional Appraisal

14               Practice that were adopted and promulgated by the Appraisal Standards Board of the

15               Appraisal Standards Foundation and that were in place at the time this appraisal report

16               was prepared.

17   Compl. ¶¶ 12, 22.

18          Additionally, both appraisals included an appraiser's certification, which in relevant part to

19   this motion provided that:

20          23.    The borrower, another lender at the request of the borrower, the mortgagee or its

21          successors and assigns, mortgage insurers, government sponsored enterprises, and other

22          secondary market participants may rely on this appraisal report as part of any mortgage

23          finance transaction that involves one or more of these parties.

24   Compl. ¶¶ 13, 24.

25          On the basis of these facts, Plaintiff filed this action alleging three causes of action: breach

26   of contract, negligent misrepresentation, and professional negligence.  Defendant Cindy Swanson

27
                                                      3
28   Case No.: 5:12-CV-02528-EJD
     ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
     PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
     GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

1   has moved to dismiss Plaintiff's Third Cause of Action for Professional Negligence, arguing that

2   under California Law, a plaintiff suing an appraiser only has standing to bring a negligence cause

3   of action if the plaintiff is the client of the appraiser.

### I.     Jurisdiction

5   This court has subject matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A), which

6   provides that any civil suit to which the FDIC is a party "shall be deemed to arise under the laws of

7   the United States."

### II.    Judicial Notice

9   Plaintiff's Request for Judicial Notice ("RFN"), Dkt. No. 14, is GRANTED as to Exhibit 1

10  (Fannie Mae's Revised Appraisal and Property Report Forms (Forms Dated March 2005 for

11  Appraisals Dated On/After 11/1/2005) Frequently Asked Questions) and Exhibit 2 (Fannie Mae

12  Single Family 2007 Selling Guide, Part XI, Property and Appraisal Guidelines).  Plaintiff's RFN is

13  DENIED as to Exhibit 3 (Complaint dated April 30, 2010 in Federal Deposit Ins. Corp. v.

14  Kirkland, No. 10-CV-3286 (C.D. Cal)) and Exhibit 4 (ruling in Kirkland, No. 10-CV-3286

15  (C.D.Cal. Oct. 28, 2010), as the court does not take judicial notice of these types of documents.

16  Defendant Cindy Swanson's RFN, Dkt. No. 16, is GRANTED.

### III.   Motion to Dismiss

#### A.  Legal Standard

19  Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

20  complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and

21  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

22  (internal quotations omitted).   A complaint which falls short of the Rule 8(a) standard may be

23  dismissed if it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

24  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only

25  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

26  cognizable legal theory." Shroyer v. New Cingular Wireless Services, Inc., 606 F.3d 658, 664 (9th

27

28

Case No.: 5:12-CV-02528-EJD
ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

**United States District Court**
For the Northern District of California

1    Cir. 2010) (quoting <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether

2    the complaint is sufficient to state a claim, the court must accept as true all of the factual

3    allegations contained in the complaint. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). While a

4    complaint need not allege detailed factual allegations, it "must contain sufficient factual matter,

5    accepted as true, to "'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949

6    (quoting <u>Twombly</u>, 550 U.S. at 570).

7         If a district court considers evidence outside the pleadings in a motion to dismiss, it must

8    normally convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, and must

9    give the nonmoving party an opportunity to respond. <u>See</u> <u>United States v. Ritchie</u>, 342 F.3d 903,

10   907 (9th Cir. 2003). A court may, however, consider documents attached to the complaint,

11   documents incorporated by reference in the complaint, or matters of judicial notice without

12   converting the motion to dismiss into a motion for summary judgment. <u>Id.</u> at 908.  The court may

13   treat such a document as part of the complaint, and may assume that its contents are true for

14   purposes of a motion to dismiss under Rule 12(b)(6). <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076

15   (9th Cir. 2005).

16        **B.  Discussion**

17        The instant motion seeks only to dismiss Plaintiff's Third Cause of Action for Professional

18   Negligence as to individual defendant Cindy Swanson, d/b/a Aldrich Appraisals.  Professional

19   negligence is a "pure negligence" theory.  <u>See</u> <u>Flowers v. Torrance Mem'l Hosp. Med. Ctr.</u>, 8 Cal.

20   4th  992 (1994).  To state a claim for professional negligence, the Plaintiff must show "(1) the duty

21   of the professional to use such skill, prudence, and diligence as other members of his profession

22   commonly possess and exercise; (2) breach of that duty; (3) a proximate causal connection between

23   the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the

24   professional negligence." <u>Bucquet v. Livingston</u>, 57 Cal.App.3d 914, 920-21 (Cal. Ct. App. 1976).

25        This motion turns on whether Swanson owed a duty to Plaintiff, a third party beneficiary.

26   The California Supreme Court considered the boundaries of professional negligence claims in <u>Bily</u>

27                                                      5

28   Case No.: 5:12-CV-02528-EJD
     ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
     PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
     GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

**United States District Court**
For the Northern District of California

1  v. Arthur Young & Co., which examined the question of "whether and to what extent an

2  accountant's duty of care in the preparation of an independent audit of a client's financial

3  statements extends to persons other than the client."  3 Cal. 4th 370, 375 (1992).  In that case, a

4  company hired the defendant auditor to perform audits and issue audit reports.   The defendant

5  issued a "clean" audit report, on which several third parties relied in deciding to invest in the

6  company.  These investments faltered, and the investors sued the defendant auditor for several

7  causes of action, including professional negligence.

8       The California Supreme Court determined that "an auditor's liability for general negligence

9  in the conduct of an audit of its [client's] financial statements is confined to the client, i.e. the

10  person who contracts for or engages the audit services.  Other persons may not recover on a pure

11  negligence theory."  Id. at 406.  While holding that third parties may not generally recover on a

12  pure negligence theory, the Bily court pointed out in a footnote that:

13      In theory, there is an additional class of persons who may be the practical and legal

14      equivalent of "clients." It is possible the audit engagement contract might expressly identify

15      a particular third party or parties so as to make them express third party beneficiaries of the

16      contract. Third party beneficiaries may under appropriate circumstances possess the rights

17      of parties to the contract.  Id. at 406, n. 16.

18  Immediately following that discussion, the Bily court went on to approve a negligent

19  misrepresentation claim by third parties who do not qualify for recovery on a pure negligence

20  claim, stating:

21      There is, however, a further narrow class of persons who, although not clients, may

22      reasonably come to receive and rely on an audit report and whose existence constitutes a

23      risk of audit reporting that may fairly be imposed on the auditor.  Such persons are

24      specifically intended beneficiaries of the audit report who are known to the auditor and for

25      whose benefit it renders the audit report.  While such persons may not recover on a general

26

27  6

28  Case No.: 5:12-CV-02528-EJD
ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

1    negligence theory, we hold they may…recover on a theory of negligent misrepresentation.

2    Id. at 406-407.

3    California courts have specifically applied Bily's holding on auditors to real estate appraisers

4    whose negligence may injure third parties. Soderberg v. McKinney, 44 Cal.App.4th 1760, 1768

5    (Cal. Ct. App. 1996).

6                            **1.   Certification #23**

7        Swanson's appraisals included attached standard certifications developed by Fannie Mae.

8    See Compl. ¶¶ 13, 24, 52; Pl. RFN, Exhs. 1-2, Dkt. No. 14.  Certification #23 requires an appraiser

9    to acknowledge that certain parties other than the Lender/Client and/or the Intended User, such as

10   "[t]he borrower, another lender at the request of the borrower, the mortgagee or its successors and

11   assigns, mortgage insurers, government sponsored enterprises, and other secondary market

12   participants," may rely on the appraisal report. Compl. ¶ 13.  In adding this certification, Fannie

13   Mae intended "to clarify…that the appraiser is accountable for the quality of his or her work to

14   those who often rely on it as part of a mortgage finance transaction."  Pl. RFN, Exh. 1 ¶ 6.  Fannie

15   Mae further explained that "the appraiser's accountability for the quality of his or her appraisal for

16   a mortgage finance transaction must *not* be limited to the Lender/Client because such limitations

17   undermine [Fannie Mae's] secondary market activity."  Id. at ¶ 9.

18              **2.   Swanson's Duty to Third Party Beneficiaries Under Certification #23**

19       Swanson argues that a recent case from the Central District of California, F.D.I.C. v.

20   Kirkland, is "identical" to the case at bar" and clearly holds that under Bily an appraiser cannot be

21   held liable on a pure professional negligence theory as to the FDIC because the FDIC is not the

22   appraiser's client. Def. MTD at 4:19-5:1, Dkt. No. 8. (citing No. 10-cv-3286 (C.D. Cal. Oct. 28,

23   2010)).  Plaintiff however argues that Certification #23 renders secondary market participants such

24   as itself members of the "additional class of persons" considered to be express third party

25   beneficiaries in the Bily footnote, and that as a result Swanson owed a duty to Plaintiff as a

26

27                                            7

28

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1    member of the class of secondary market participants for whose express benefit Swanson and

2    American Prime Funding contracted to prepare the appraisal.

3            As an initial matter, it is clear that Kirkland is not "identical" to this case.  While Kirkland

4    did concern a similar factual background to the instant matter, the appraisal at issue did not contain

5    Certification #23.  The court may not therefore simply dispose of this motion by adopting the

6    rationale of the Central District of California.  Rather, this court must determine the import of

7    Certification #23 in order to determine the extent of Swanson's duty.

8            The Bily court acknowledged third party beneficiaries may be "the practical and legal

9    equivalent of 'clients' for purposes of a general negligence claim." 3 Cal. 4th at 406, n. 16.  The

10   fact that Plaintiff is not expressly named as a third party beneficiary in Certification #23 is not

11   necessarily fatal to its claim. See Soderberg v. McKinney, 44 Cal.App.4th 1773, 1774 (1996). "All

12   that the law requires is that the contract be made expressly for the benefit of third parties, and

13   'expressly' simply means in an express manner; in direct or unmistakable terms; explicitly;

14   definitely; directly. Thus, it is sufficient if the plaintiff belongs to a class for whose express benefit

15   the contract was made." Soderberg, 44 Cal.App.4th at 1774 (internal quotation marks and citations

16   omitted).

17           Plaintiff has pled that Swanson included Certification #23 in its appraisal contracted for by

18   American Prime Funding, and that Plaintiff is the type of third party beneficiary contemplated by

19   that certification.  At this stage in the proceedings, it would not be appropriate to determine the

20   intent of the parties to the contract.  Rather, the facts as pleaded in the complaint, taken as true, and

21   drawing all inferences in the light most favorable to the non-moving party, sufficiently show that

22   Plaintiff is a member of the class for whose benefit the contract between Swanson and American

23   Prime Funding was made. See Paulson v. CNF Inc., 559 F.3d 1061, 1079 (9th Cir. 2009) (reversing

24   the district court's dismissal of a professional negligence claim and holding that a consulting firm

25   may owe a duty to a company's former employees if the employees could be considered a third

26   party beneficiary of the service agreement between the consulting firm and the company); F.D.I.C.

27
                                                    8
28   Case No.: 5:12-CV-02528-EJD
     ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
     PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
     GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE

**United States District Court**
For the Northern District of California

1   v. Grankel, No. 11-CV-03279, 2011 WL 5975262 at \*3-4 (N.D. Cal. Nov. 29, 2011) (holding that

2   Certification #23 provided a plausible basis on which to plead a third party beneficiary breach of

3   contract claim and denying Defendant's motion to dismiss as to that claim, but declining to hold at

4   the motion to dismiss stage that the FDIC was actually an intended beneficiary of the appraisal).

5   Plaintiff's alleged status as an intended third party beneficiary to the contract allows it to proceed

6   on a professional negligence theory.  The motion to dismiss the professional negligence claim is

7   therefore DENIED.

8   **3.   Conclusion**

9   For the foregoing reasons, Defendant Swanson's motion to dismiss is DENIED; Plaintiff's

10   Request for Judicial Notice is GRANTED in part and DENIED in part; and Defendant Swanson's

11   Request for Judicial Notice is GRANTED.

12

13   **IT IS SO ORDERED.**

14   Dated: October 18, 2012



15   _____

16   EDWARD J. DAVILA
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27
                                                    9
28   Case No.: 5:12-CV-02528-EJD
     ORDER DENYING DEFENDANT SWANSON'S MOTION TO DISMISS; GRANTING IN
     PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;
     GRANTING DEFENDANT SWANSON'S REQUEST FOR JUDICIAL NOTICE